King *v.* Miller.

W. F. KING *et al. v.* G. W. MILLER *et al.*

WILLS. The second and third clauses of the will of Francis King are as follows: "I give and bequeath to my wife Lucy the house and farm and survey pertaining thereto of sixty acres, with cattle," etc. "I bequeath to my children the balance of my perishable property and the farm and fifty acres of land, the lower survey, the place where Thomas Bruce now lives, to be equally divided among themselves." On demurrer to the bill filed by the heirs of said Francis King, after the death of his widow, claiming the lands, it was held "there being nothing in this language or context of the will indicative of a contrary intention, it is clear, nothing more appearing, the entire estate of the testator passed to his wife by the second clause." But it being insisted that the lands set out in said claims is the same, the court being unable to determine as to the fact, overruled the demurrer and remanded the cause for answer and proof.

## FROM CLAIBORNE.

Appeal from the Chancery Court at Tazewell. H. C. SMITH, Ch.

J. L. ROGERS and HENDERSON & JOUROLMON for complainants.

F. M. FULKERSON for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill is filed to assert title to certain land or lands, on the part of the heirs of Francis King. A demurrer was filed in the chancery court, which was overruled by the chancellor, from which there is an appeal to this court. The case turns on the construction of the second and third clauses of the will of Francis. King, the will made 1839, which are as follows:

" I give and bequeath to my wife, Lucy, the house and farm and survey pertaining thereto of sixty acres, with cattle," etc.

In third clause he says: " I bequeath to my children the balance of my perishable property, and the farm and fifty acres of land, the lower survey, the place where Thomas Bruce now lives, to be equally divided among themselves."

The argument here is, that the will was made in 1839, that the law then required words of inheritance to convey by devise more than a life estate, and was only changed by the act 1851–2, section 2006 of the Code. There being no words of inheritance in this will it is maintained the wife took only a life estate by reason of this fact, and she not dying until 1883, a short time before this bill was filed, complainant's right to enter then accrued.

This is obviously a mistaken view of the law of wills in this State. It is true the words " grant or devise " are used in the section of the Code referred to, act of 1851–2, but this is found in a chapter evidently referring to deeds and other like conveyances between living parties. The law of Tennessee, adopted from the North Carolina statute of 1784, ch. 22, sec. 11, provided " that any devise shall convey the *entire* estate of the testator in lands, unless the contrary intent plainly appears from the words and context of the will."

There being nothing in this language or context of the will indicative of a contrary intention, it is clear, nothing more appearing, the entire estate of the tes-

King *v.* Miller.

tator passed to his wife by the second clause.   If he had a fee simple, that estate passed to his wife.

The act of 1784, section 2164 of the Code, seems to have escaped the attention of counsel as well as the Commission of Referees, the latter arguing to their conclusion upon the theory that the intention of the testator must prevail.

The rule being as we have stated, it is however insisted, that the third clause devising "the farm and fifty acres of land, the lower survey, the place where Thomas Bruce now lives to his children, to be equally divided among themselves," devises the same land given in the other clause to his wife, and this cuts down her estate to a life estate.   This may or may not be so.   We, however, agree with the Referees, that we cannot, from the face of the will, say whether that given by the third clause is the same land as devised in the second clause.   The description is alike in some respects and different in others.   In both the land is called the farm, but in the former clause the survey appertaining to it is said to be sixty acres, while in the latter clause it is "the farm and fifty acres of land, the lower survey, the place where Thomas Bruce now lives."   This would seem to indicate a different part of his land from that on which he resided, given to the widow.

Inasmuch as we cannot, from the bill, see or know how this is, we affirm the report of the Referees, overruling the demurrer, remanding the cause for answer and proof as to how the facts are.   Costs of this court to be paid by appellants.